PER CURIAM.
On this appeal from a judgment rescinding a deed, Jan Walker, the grantee of an undivided interest in real property, contends that the absence of the Internal Revenue Service as a party precluded rescission as a remedy for fraudulently inducing the conveyance to her. We reverse on that ground.
The general rule is that “ ‘a contract will not be rescinded even for fraud when it is not possible for the opposing party to be put back into his pre-agreement status quo condition.’ ” Turner v. Fitzsimmons, 673 So.2d 532, 535 (Fla. 1st DCA 1996) (quoting Royal v. Parado, 462 So.2d 849, 856 (Fla. 1st DCA 1985)). (In the present ease, the allegedly fraudulent inducement — not questioned here — was Ms. Walker’s failure to disclose that she owed back taxes and had other financial problems.) The proceedings to rescind the deed that granted Ms. Walker the undivided interest were instituted only after two liens — a mortgage Mr. Atkins filed, and a tax lien of which the Internal Revenue Service filed notice — had attached to her interest.
Inasmuch as the Internal Revenue Service had “ ‘properly filed notice of a tax lien before the proceedings commence[d], ... judgment as to the property [did] not [ ] disturb [the] tax lien.’ ” U.S. v. Capobianco, 836 F.2d 808, 815 (3d Cir.1988) (quoting S.Rep. No. 1708, 89th Cong., 2d Sess., reprinted in 1966 U.S.C.C.A.N. 3722, 3748-49). The judgment under review could not and did not restore the parties to the status quo ante, because the Internal Revenue Service was not made a party to the proceedings below.
“As this court has ruled ... ‘a condition precedent to the granting of the remedy of rescission is that the other party be returned to his status quo.’ ” Turner, 673 So.2d at 535 (quoting Parado, 462 So.2d at 856). This did not occur in the present case. “The prime object of rescission is ‘to undo the original transaction and restore the former status’ of the parties.” Billian v. Mobil Corp., 710 So.2d 984, 990 (Fla. 4th DCA 1998) (quoting Willis v. Folder, 102 Fla. 35, 136 So. 358, 369 (1931)). This did not happen here.
While there were other respects, too, in which the parties’ transaction was not successfully unwound, we reverse on the nar *416 row ground that the Internal Revenue Service was not made a party to the proceedings. See Antonelli v. Smith, 556 So.2d 1132, 1134 (Fla. 3d DCA 1989) (“As a practical matter, the Antonellis’ suit is intended to divest Treasure Cay of its rights.... In order for Treasure Cay to be bound by the adjudication, and in order for the Monroe County property records to properly reflect the state of the land title, Treasure Cay must necessarily be a party.”). Reversed and remanded.
BENTON and VAN NORTWICK, JJ., CONCUR; BARFIELD, J., Dissents with Opinion.